GARETH DESANTIAGO
211 Graphic Blvd
New Milford, NJ 07646
Phone 973.689.5638
Counsel for Co-Defendant and Counterclaimant Joanne Faber

RECEIVED

-- 0 3 2017

AT 8:30
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS INC. MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATE SERIES 2005-RP3, | SUPERIOR COURT OF NEW JERSEY OCEAN COUNTY CHANCERY DIVISION |
| | Docket No.  F-041059-15 |
| Plaintiff, | (CONTESTED FORECLOSURE) |
| vs.  JOANNE FABER, ET. AL. | **VERIFIED FIRST AMENDED CONTESTED ANSWER; AFFIRMATIVE DEFENSES; COUNTER-CLAIMS; AND DEMAND FOR INSURANCE INFORMATION.** |
| Defendants, | |

The defendant, counterclaimant, JOANNE FABER, by way of this Verified First

Amended Contested Answer[1] , to the Second Amended Complaint, by way of Answer,

Counterclaims and Affirmative Defenses states as follows:

## COMMON FACTS

1. The defendant signed a mortgage with Washington Mutual Bank FA on March 26, 2004.

---

[1] This is the First Amended Answer in response to the Second Amended Complaint due to the fact that the First Amended Complaint was never served on the defendant Faber therefore the corresponding answer is herein in response to the Second Amended Complaint.

2. Herein this document, the word 'plaintiff' is used to reference the plaintiff and its' affiliates, agents, third parties, associates, third party defendants, parties with and without privity known and unknown at this time.

3. The plaintiff filed a foreclosure action against the defendant in 2005, Docket F-2310-05;

3. In the aforementioned case, the plaintiff's counsel, Shapiro & Diaz, LLP, located in Marlton; NJ, stated that the plaintiff credited the defendant's payment or monies to a wrong or incorrect account.

4. In the aforementioned case, these collected and uncredited monies were never returned or credited to the defendant;

5. In the aforementioned case, late fees and charges were accessed and placed on the defendant's account and they were never corrected.

6. In the aforementioned case, the plaintiff was indicated as "Washington Mutual Bank FA".

7. A second foreclosure case was filed against defendant in August 11, 2006, docket F-14212-06;

8. In the aforementioned case, the case was litigated for 2 years and 9 months;

9. In the aforementioned case, the plaintiff was listed as "JP Morgan Chase Bank as Trustee by Residential Funding Corporation, Attorney-In-Fact";

10. In the aforementioned case, the filed Complaint, First Count, paragraph 4.a., states "by assignment of mortgage from Washington Mutual Bank, FA to JP Morgan Chase Bank as Trustee by Residential Funding Corporation, Attorney-In-Fact, plaintiff herein, which is unrecorded at this time", furthermore

11. this Assignment was never produced by the Plaintiff and was never recorded, never seen by the court or anyone party to the case.

12. An Amended Complaint was filed on September 7, 2007, herein Exhibit A;

13. In the aforementioned case, the First Count, paragraph 4, it states "the Note and Mortgage have been assigned as follows:", and proceeds to say in paragraph 4.a. "by assignment of mortgage from Washington Mutual Bank, FA to JP Morgan Chase Bank as Trustee by Residential Funding Corporation, Attorney-In-Fact, plaintiff herein, which is unrecorded at this time", herein Exhibit A;

14. In the aforementioned case, in the First Count, paragraph 7, it states "that whole unpaid principal sum due on Note and Mortgage, along with all unpaid interest, advances, fees and costs, shall be accelerated and is now due and payable" therefore the plaintiff accelerated the Note and Mortgage in September 2007, herein Exhibit A;

15. In the aforementioned case, there was a Case Conference Order on October 27, 2006, for accounting numbers to be provided to defendant which have never been produced to date;

16. In the aforementioned case, there was a Case Management Order March 13, 2007, which required an explanation of unaccounted for monies and this Order was not answered by the plaintiff to date;

17. In the aforementioned case, there was a Court Order October 5, 2007, Compelling the Production of Documents which were not produced to date;

18. In the aforementioned case, the Court Ordered Jan. 15, 2009, that the foreclosure be lifted and the plaintiff file an Amended Complaint with the same Docket Number given he stated they could obtain no records at that time due to multiple changes in servicers, no records have ever been obtained or produced to date, herein Exhibit B;

19. In the aforementioned case, it was stated on the record by the defendant that the plaintiff was a second position mortgage, as indicated in a Title Report presented to the court on May 26, 2009;

20. The Judge advised plaintiff that they are a second position mortgage and referenced the Title Report on the court record on May 26, 2009;

21. In the aforementioned case, the case was Dismissed on Defendants Motion for Partial Summary Judgment demonstrating the plaintiff had no cause and,

22. during the aforementioned case, the plaintiff refused to accept payments and proceeded to add excessive undefined fees and charges to the account.

23. Plaintiff filed a third foreclosure complaint F-29158-09, June 2, 2009, which was a different docket number contrary to the Court Order, herein Exhibit B;

24. In the aforementioned case, the plaintiff in the case is listed as "JP Morgan Chase Bank as Trustee by Residential Funding Corporation, Attorney-in-Fact";

25. In the aforementioned case, this complaint was never served on the defendant;

26. In the aforementioned case, in First Count, it states "Washington Mutual Bank FA is now known as JP Morgan Chase Bank as Trustee by Residential Funding Corporation, Attorney-in-Fact, plaintiff herein";

27. In the aforementioned case, no place in the complaint or within any of the pleadings did the plaintiff indicate they were a second position mortgage.

28. An Amended Complaint was filed on June 09, 2010, F-29158-09, wherein plaintiff remained indicated as "JP Morgan Chase Bank as Trustee by Residential Funding Corporation, Attorney-in-Fact";

29. In the aforementioned case, Plaintiff filed a Motion for Entry of Default on May 28, 2010;

30. In the aforementioned case, this Motion was received by defendant on June 17, 2010;

31. In the aforementioned case, Opposition to the Motion to enter Default was filed by the defendant on June 18, 2010;

32. In the aforementioned case, Plaintiff did not serve the co-defendant Gerda Padukow[2] with this Motion because they mailed it to the wrong town: mailed to 'Sandy Cove, Toms River, NJ' and the correct address is 'Sandy Cove Tinton Falls, NJ' which they had used for previous mailings and chose to use a different address for this Motion;

33. In the aforementioned case, an Order for Entry of Default was entered on July 8, 2010;

34. In the aforementioned case, Supreme Court of New Jersey, Chief Justice Rabner's April 4, 2012, filed an Order to Show Cause, on or about October 25, 2012, wherein it applied a moratorium on foreclosures in NJ based on fraud;

35. In the aforementioned case, this foreclosure action was dismissed Sua Sponte by the court for cause on or about September 2013;

36. In the aforementioned case, the caption for plaintiff throughout this case, 2009 through 2013, was "JP Morgan Chase Bank as Trustee by Residential Funding Corporation, Attorney-in-Fact";

37. In the aforementioned case, the plaintiff refused to accept payments during the court proceeding while adding excessive undefined fees and charges.

38. Ocwen Loan Servicing LLC stated that they were the new servicer of this loan referenced herein effective on or about February 16, 2013.

---

[2] Gerda Padukow is the first position mortgage indicated in the Title Report reviewed and entered into the Court Record and the plaintiff was advised by the Judge on May 26, 2009 that they were second position mortgage based on the Title Report.

39. Ocwen Financial Corporation and Ocwen Loan Servicing LLC (herein Ocwen) were named defendants in a case with the Consumer Financial Protection Bureau, CFPB, 49 US Attorney Generals as Plaintiffs and DC, in US District Court for the District of Columbia, wherein Ocwen entered into a Consent Judgment in which it states Ocwen "violated among other laws, the Unfair and Deceptive Acts and Practices laws for the Plaintiff States and the Consumer Financial Protection Act of 2010".

40. On September 28, 2008, Washington Mutual FA, herein WaMu, was declared insolvent and the FDIC, Federal Deposit Insurance Corporation, herein FDIC, was appointed as receiver;

41. The FDIC provided JP Morgan Chase, herein JPM, with a Limited Power of Attorney, herein 2008 POA, that was effective September 25, 2008 and "automatically revoked" on September 25, 2010;

42. This 2008 FDIC POA required a Manager's signature attested by Counsel of the FDIC with a corresponding Notary with the Corporate Seal of the FDIC, furthermore

43. this document is stated to be "signed, sealed and delivered" by 2 witnesses, furthermore

44. this 2008 POA is required to be Certified by the Office of Thrift Supervision, Department of Treasury, herein OTS, as a "true copy", further stating OTS Order Number and OTS Docket Number, furthermore

45. there is an attached OTC Certification and copy of OTS document total 4 pages, 1 and 3 pages respectively;

46. this 2008 FDIC attested POA is not referenced in this foreclosure complaint and

47. instead a different FDIC POA was created by JP Morgan in 2012 and

48. this 2012 POA is not attested by FDIC counsel,

49. not stamped with FDIC Corporate Seal,

50. not "signed, sealed and delivered" by 2 witnesses,

51. not Certified by the Office of Thrift Supervision, Department of Treasury as a "true copy", and

52. not logged and docketed with a OTS Order and OTS Docket Number.

53. A fourth foreclosure action was filed against the defendant on December 23, 2015, herein Docket No. F-041059-15, current case,  furthermore

54. The caption for the plaintiff now reads "Bank of New York Mellon Trust Company National Association FKA the Bank of New York Trust Company N.A. as Successor to JP Morgan Chase Bank N.A. as Trustee for Residential Asset Mortgage Products Inc. Mortgage Asset-Backed-Pass-Through Certificate Series 2005-RP3"; furthermore

55. Until this filed Complaint this Trust has never been named or identified to the defendant in any correspondence;

56. This  case references an "Assignment of Mortgage" filed in Ocean County, New Jersey Land Records, book 16180, pages 358 through 362,  wherein

57. it states Assignor as "JPMorgan Chase Bank, National Association, as Attorney in Fact for the Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank F/K/A Washington Mutual bank FA" and

58. Assignee as ""Bank of New York Mellon Trust Company National Association FKA the Bank of New York Trust Company N.A. as Successor to JP Morgan Chase Bank N.A. as Trustee for Residential Asset Mortgage Products Inc. Mortgage Asset-Backed-Pass-Through Certificate Series 2005-RP3" further states

59. "whose address  C/O Ocwen Loan Servicing LLC, 1661 Worthington Road, Ste 100, West Palm Beach, Fl 33409".

60. On April 13, 2011,  JPMorgan Chase Bank, N.A. (JPM), pursuant to the Federal Deposit Insurance Corporation Act, 12 U.S.C. § 1818(d), executed a Stipulation and Consent Order with the Office of the Comptroller of the Currency ("OCC Order"), in which Chase stipulated to having engaged in "unsafe and unsound" banking practices relating to foreclosing on securitized mortgages.

61. Plaintiff referenced an 'Assignment of Mortgage' in this Complaint, 'New Jersey Assignment of Mortgage' document , herein Assignment,  filed Sept. 3, 2015, with the Ocean County Clerk of  New Jersey,   Land Records, book 16180,  pages 358-362,  herein Exhibit C.

62. Residential Mortgage Backed Security, RMBS, Trusts (the type of Trust referenced in the Assignment document)  are incorporated out of the state of New York and therefore governed by New York Trust Law which states that  "Under New York Trust Law, every sale, conveyance or other act of the trust on contravention of the trust is void.  EPTL §7-2.4.  Therefore, the acceptance of the note and mortgage by the trustee after the date the trust closed, would be void."  Further affirmed in  Wells Fargo Bank, N.A. v. Erobobo,  042913 NYMISC, 2013-50675.

63. The United States Congress in November 2010 in its Congressional Oversight Report on Foreclosures which cited NY Trust Law stated that any purported transfer of a mortgage loan into a securitization trust after the trust closing date,  in the violation of the trust documents was void, resulting in no such transfer ever having occurred.

64. Judy Faber, employee of the Residential Funding Corporation, agreed to have done Robo-Signing with her name and signature by deposition, U.S. Bank National Association as

Trustee v. Cook, U.S. District Court for the Northern District of Illinois, Eastern Division, Case: 1:07-cv-01544, document # 64.

65. As a Matter of Law the signature of Judy Faber of the Residential Funding Corporation is void.

## ANSWER
### FIRST COUNT

1. Defendant admits that she executed a Note in favor of Washington Mutual Bank, F.A. on or about March 2004, and neither admits nor denies the other allegations contained in paragraph 1 of the First Count of the plaintiff's Complaint.

2. Defendant admits that she executed a Note in favor of Washington Mutual Bank, F.A. on or about March 2004, and neither admits nor denies the other allegations contained in paragraph 2 of the First Count of the plaintiff's Complaint.

3. Defendant denies the allegations in paragraph 3 of the First Count of the plaintiff's complaint.

4. Defendant admits the allegations in paragraph 4 of the First Count of the plaintiff's complaint.

5. Defendant neither admits or denies the allegations in paragraph 5 of the First Count of the plaintiff's complaint.

6. Defendant denies the allegations in paragraph 6 of the First Count of the plaintiff's complaint.

7. Defendant denies allegations in paragraph 7 of the First Count.

8. Defendant denies the allegations in paragraph 8 of the First Count of the plaintiff's complaint.

9. Defendant denies the allegations in paragraph 9 of the First Count of the plaintiff's complaint.

10. Defendant denies the allegations in paragraph 10 of the First Count of the plaintiff's complaint.

11. Defendant denies the allegations contained in Schedule B of the First Count of the plaintiff's complaint.

## SECOND COUNT

1. The defendant, JOANNE FABER, repeats and affirms her response to paragraphs 1-11 of the First Count of the plaintiff's complaint.

2. Defendant denies the allegations in paragraph 2 of the Second Count of the plaintiff's complaint.

3. Defendant admits the allegations in paragraph 3 of the Second Count of the plaintiff's complaint.

4. Defendant denies the allegations in paragraph 4 of the Second Count of the plaintiff's complaint.

5. Defendant denies the allegations in paragraph 5 of the Second Count of the plaintiff's complaint.

## THIRD COUNT

1. The defendant, JOANNE FABER, repeats and affirms her response to paragraphs 1-5 of the Second Count and paragraphs 1-11 of the First Count, of the plaintiff's complaint.

2. Defendant admits the allegations in paragraph 2 of the Third Count of the plaintiff's complaint.

3. Defendant denies the allegations in paragraph 3 of the Third Count of the plaintiff's complaint.

4. Defendant denies the allegations in paragraph 4 of the Third Count of the plaintiff's complaint.

5. Defendant admits the allegations in paragraph 5 of the Third Count of the plaintiff's complaint.

6. Defendant denies the allegations in paragraph 6 of the Third Count of the plaintiff's complaint.

7. Defendant denies the allegations in paragraph 7 of the Third Count of the plaintiff's complaint.

8. Defendant denies the allegations in paragraph 8 of the Third Count of the plaintiff's complaint.

9. Defendant denies the allegations in paragraph 9 of the Third Count of the plaintiff's complaint.

10. Defendant denies the allegations in paragraph 10 of the Third Count of the plaintiff's complaint.

11. Defendant denies the allegations in paragraph 11 of the Third Count of the plaintiff's complaint.

12. Defendant denies the allegations in paragraph 12 of the Third Count of the plaintiff's complaint.

13. Defendant denies the allegations in paragraph 13 of the Third Count of the plaintiff's complaint.

14. Defendant denies the allegations in paragraph 14 of the Third Count of the plaintiff's complaint.

15. Defendant denies the allegations in paragraph 15 of the Third Count of the plaintiff's complaint.

16. Defendant denies the allegations in paragraph 16 of the Third Count of the plaintiff's complaint.

17. Defendant denies the allegations in paragraph 17 of the Third Count of the plaintiff's complaint.

18. Defendant denies the allegations in paragraph 18 of the Third Count of the plaintiff's complaint.

19. Defendant denies the allegations in paragraph 19 of the Third Count of the plaintiff's complaint.

20. Defendant denies the allegations in paragraph 20 of the Third Count of the plaintiff's complaint.

21. Defendant denies the allegations in paragraph 21 of the Third Count of the plaintiff's complaint.

22. Defendant denies the allegations in paragraph 22 of the Third Count of the plaintiff's complaint.

23. Defendant denies the allegations in paragraph 23 of the Third Count of the plaintiff's complaint.

24. Defendant denies the allegations in paragraph 24 of the Third Count of the plaintiff's complaint.

25. Defendant denies the allegations in paragraph 25 of the Third Count of the plaintiff's complaint.

26. Defendant denies the allegations in paragraph 26 of the Third Count of the plaintiff's complaint.

27. Defendant denies the allegations in paragraph 27 of the Third Count of the plaintiff's complaint.

28. Defendant denies the allegations in paragraph 28 of the Third Count of the plaintiff's complaint.

FOURTH COUNT

1. The defendant, JOANNE FABER, repeats and affirms her response to paragraphs 1-28 of the Third Count, paragraphs 1-5 of the Second Count, paragraphs 1-11 of the First Count, of the plaintiff's complaint.

2. Defendant denies the allegations in paragraph 2 of the Fourth Count of the plaintiff's complaint.

3. Defendant neither admits or denies the allegations in paragraph 3 of the Fourth Count of the plaintiff's complaint.

4. Defendant denies the allegations in paragraph 4 of the Fourth Count of the plaintiff's complaint.

5. Defendant denies the allegations in paragraph 5 of the Fourth Count of the plaintiff's complaint.

6. Defendant admits the first part of paragraph 6, and denies the second part of paragraph 6, of the Fourth Count of the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

66. Herein this document, the word 'plaintiff' is used to reference the plaintiff and its' affiliates, agents, third parties, associates, third party defendants, parties with and without privity known and unknown at this time.

67. The plaintiff did not originate the claimed mortgage.

68. All Affirmative Defenses and Counterclaims herein pray for Punitive Damages as per Public Law 1995, ch. 142, N.J.S.A. 2A:15-5.9 et seq., the Punitive Damages Act.

### FIRST AFFIRMATIVE DEFENSE : LACK OF STANDING

69. Defendant incorporates all previous paragraphs as if set forth in full.

70. The plaintiff did not possess the Original Note and Mortgage when the Complaint was filed.

71. The plaintiff does not currently possess the Original Note and Mortgage as confirmed by an email sent by plaintiff on Oct. 6, 2016, herein exhibit D.

72. The plaintiff, listed in this case as "Residential Asset Mortgage Products Inc., Mortgage Asset-Backed Pass Through Securities 2005-RP3", does not exist according to the SEC, United States of America Securities and Exchange Commission, herein Exhibit E.

73. The plaintiff alleges in in Count 1, paragraph 3 of the Complaint that the mortgage was assigned to Plaintiff by virtue of an 'Assignment of Mortgage'; plaintiff fails to provide any authentication of the Assignment of mortgage, N.J.S.A 46:9-9, and the Assignment is fraudulent and unauthenticated hence void; plaintiff has no standing.

74. The record is devoid of any evidence that the plaintiff has any claim to the mortgage upon which this action is based.

75. The originator of the mortgage, Washington Mutual FA, did not assign this mortgage to alleged plaintiff and the Assignment of Mortgage document referenced in Count 1, paragraph 3 of this Complaint.

76. The plaintiff provided an emailed copy of the Note on Oct. 6, 2016, after multiple requests, and it was missing the Note Addendum therefore plaintiff has a copy of a portion of the Note and not the entire Note instrument.

77. There is a signature on a copy of a portion of the Note related to the mortgage referenced herein; said Note is signed by a known Robo-Signer, Judy Faber, employee of the Residential Funding Corporation, RFC, confirmed and admitted Robo-Signer, as per <u>U.S. Bank National Association as Trustee v. Cook</u>, U.S. District Court for the Northern District of Illinois, Eastern Division, Case: 1:07-cv-01544, document # 64, herein Exhibit H.

78. The portion of the Note provided by plaintiff is void.

79. The plaintiff has failed to allege facts showing that it has standing to pursue an action and that it is the "real party in interest".

80. The plaintiff was never the assignee of or the successor-in-interest to the Note at issue and the complaint is therefore barred.

81. The plaintiff has lack of standing to enforce the note in question.

82. The plaintiff has lack of standing to enforce the mortgage in question.

WHEREFORE, the Defendant demands Judgment as follows :

    A) Dismissal of the Complaint with Prejudice;

    B) Compensatory and Punitive Damages;

    C) And Judgment for all costs, court fees, legal fees and consultant fees, incurred by the Defendant to litigate this matter;

    D) Any other relief the Court deems equitable and just.

### SECOND AFFIRMATIVE DEFENSE : NO PRIMA FACIE RIGHT TO FORECLOSE

83. Defendant incorporates all previous paragraphs as if set forth in full.

84. The plaintiff failed to produce for the record the required proofs required by R.4:64-2,

    including: the original note and mortgage, evidence of indebtedness, claims of lien and any

    other original document up on which its claim is based, therefore the plaintiff has no right to

    foreclose.

85. The plaintiff failed to establish that it may enforce the note under the Uniform Commercial

    Code; the rights of the Mortgage are dependent on the ability to enforce the Note.

86. The alleged plaintiff in this case does not exist according to the SEC, herein Exhibit E.

87. The alleged plaintiff in this case has never been named or identified to the defendant until

    this foreclosure action.


WHEREFORE, the Defendant demands Judgment as follows :

    A)  Dismissal of the Complaint with Prejudice;

    B)  Compensatory and Punitive Damages;

    C)  And Judgment for all costs, court fees, legal fees and consultant fees, incurred by the

        Defendant to litigate this matter;

    D)  Any other relief the Court deems equitable and just.


### THIRD AFFIRMATIVE DEFENSE : BARRED BY STATUTE OF LIMITATIONS
### PURSUANT TO N.J.S.A. § 12A:3-118(a) OF THE UNIFORM COMMERCIAL CODE (UCC)

88. Defendant incorporates all previous paragraphs as if set forth in full.

89. A prior foreclosure action on this mortgage was filed on or about Aug. 11,2006, in Ocean

    County Superior Court, docket no. F-14212-06.

90. The mortgage at issue was accelerated in the Amended Complaint, herein Exhibit A, in

    Count 1, paragraph 7, docket no. F-14212-06, filed Sept. 07, 2007, with the Superior Court

of New Jersey, wherein it states "elects and declares...shall be accelerated"; the note is void

and the plaintiff's statute of limitations is expired, as per UCC.

91. N.J.S.A. § 12A:3-118(a) states "an action to enforce the obligation of a party to pay a note

payable at a definite time must be commenced within 6 years after the due date or dates

stated in the note or, if a due date is accelerated, within 6 years after the accelerated date",

the acceleration of the mortgage at issue was 2007 and this foreclosure complaint was filed

on or about Dec. 24, 2015.

92. The case F-14212-06 was dismissed on May 26, 2009,  because no monies were due or no

payments were outstanding and many payments were not credited to the mortgage at issue,

and have not been credited to date.

93. The Fair Foreclosure Act, FFA, section 2A:50-56.1, was approved by the New Jersey

Legislature and took effect on Aug. 6, 2009, therefore the acceleration of mortgage of issue

was accelerated as per the plaintiff's complaint in September 2007 and has remained

accelerated to date.

WHEREFORE, the Defendant demands Judgment as follows :

    A) Dismissal of the Complaint with Prejudice;

    B) Compensatory and Punitive Damages;

    C) And Judgment for all costs, court fees,  legal fees and consultant fees,  incurred by the

        Defendant to litigate this matter;

    D) Any other relief the Court deems equitable and just.

FOURTH AFFIRMATIVE DEFENSE : N.J.S.A. 20A:50-53 ET. SEQ.,
NEW JERSEY FAIR FORECLOURE ACT VIOLATIONS

94. Defendant incorporates all previous paragraphs as if set forth in full.

95. Plaintiff has not served a Notice of Intent to foreclose on the defendant pursuant to the FFA;

96. The Assignment of Mortgage, herein Exhibit C, has not been authenticated in any manner by

a Certification or Affidavit based on "personal knowledge', as per Celino v. Gen. Accident

Ins., 211 N.J. Super., 538, 544, 512 A.2d 496 (App. Div. 1988);

97. Based on the foregoing, the court lacks subject matter jurisdiction to hear the Plaintiff's

Complaint for foreclosure.

WHEREFORE, the Defendant demands Judgment as follows :

      A)  Dismissal of the Complaint with Prejudice;

      B)  Compensatory and Punitive Damages;

      C)  And Judgment for all costs, court fees, legal fees and consultant fees, incurred by the

          Defendant to litigate this matter;

      D)  Any other relief the Court deems equitable and just.


FIFTH AFFIRMATIVE DEFENSE : PLAINTIFF FAILS TO STATE A
CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

98. Defendant incorporates all previous paragraphs as if set forth in full.

99. The plaintiff have submitted conflicting known false fraudulent representations and

documents which preclude a claim;

100.    The Mortgage Assignment referenced by the plaintiff does not cause plaintiff to be

Assignee, the Trust referenced herein does not exist, the signers are company clerks with no

authority; there is no cause of action upon which relief can be granted.

WHEREFORE, the Defendant demands Judgment as follows :

    A)  Dismissal of the Complaint with Prejudice;

    B)  Compensatory and Punitive Damages;

    C)  And Judgment for all costs, court fees,  legal fees and consultant fees,  incurred by the Defendant to litigate this matter;

    D)  Any other relief the Court deems equitable and just.

### FIFTH AFFIRMATIVE DEFENSE : PLAINTIFF IS NOT THE 'ASSIGNEE OF' OR 'SUCCESSOR IN INTEREST'  OF THE NOTE

101.   Defendant incorporates all previous paragraphs as if set forth in full.

102.   The plaintiff is not the assignee of the Note.

103.   The Note was endorsed by a known and admitted 'Robo-Signer', Judy Faber of the Residential Funding Corporation; the note is void.

104.   The note was later endorsed with the addition of an allonge wherein it was signed by Joshua Swinton, of Ocwen Loan Servicing, LLC,  who has no authority and it was signed for the purpose of this litigation and has no relation to any legitimate business transaction.

105.   No custodian of the Note has ever been identified to date.

106.   The Mortgage and Note have been assigned to different assignees from each other; these instruments do not have the same record of title consistent with both instruments.

107.   Any copy of a Note or a copy of a portion of the Note is required to indicate the date of any endorsement as per Wells Fargo v. Ford,  418 N.J. Super. 592, 15 A.3d 327 (App. Div. 2011);

108.    Herein the endorsement on the Allonge of the Note, Exhibit H, has no date to correspond

to the signature of Joshua Swinton of Ocwen, who endorsed the Allonge of the Note for the

purpose of this litigation.

WHEREFORE, the Defendant demands Judgment as follows :

   A)  Dismissal of the Complaint with Prejudice;

   B)  Compensatory and Punitive Damages;

   C)  And Judgment for all costs, court fees, legal fees and consultant fees, incurred by the

       Defendant to litigate this matter;

   D)  Any other relief the Court deems equitable and just.


   SIXTH AFFIRMATIVE DEFENSE : PLAINTIFF IS NOT THE 'ASSIGNEE OF' OR
            'SUCCESSOR IN INTEREST' OF THE MORTGAGE
109.    Defendant incorporates all previous paragraphs as if set forth in full.

110.    The plaintiff is not the 'assignee' or 'successor in interest' of the mortgage;

111.    there is an Assignment of Mortgage referenced and recorded by the alleged plaintiff and

    it is fraudulent, herein Exhibit C;

112.    the Trust indicated does not exist according to the SEC, herein Exhibit E;

113.    the signer of the Assignment, Ronnie Sanders, is not a Vice President of JP Morgan;

114.    the Notary worked for JP Morgan at the time of Notarizing the Assignment and it was

    part of her Job Function to notarize documents;

115.    the Trust cannot accept a mortgage 10 years after it has closed; the Assignment is

    fraudulent and void.

116.    The mortgage referenced by the plaintiff herein is invalid;

117.   The plaintiff makes reference in the complaint to a hearsay communication with a

Melissa Kriner, this communication lacks any valid information regarding the validity of the

mortgage referenced herein;

118.   The Note referenced herein is void and likewise the Mortgage is void;

119.   The Assignment of Mortgage, herein Exhibit C, has not been authenticated in any

manner by a Certification or Affidavit based on "personal knowledge', as per Celino v. Gen.

Accident Ins., 211 N.J. Super., 538, 544, 512 A.2d 496 (App. Div. 1988).

WHEREFORE, the Defendant demands Judgment as follows :

    A)  Dismissal of the Complaint with Prejudice;

    B)  Compensatory and Punitive Damages;

    C)  And Judgment for all costs, court fees, legal fees and consultant fees, incurred by the

       Defendant to litigate this matter;

    D)  Any other relief the Court deems equitable and just.

### SEVENTH AFFIRMATIVE DEFENSE : UNCLEAN HANDS AND UNJUST ENRICHMENT

120.   Defendant incorporates all previous paragraphs as if set forth in full.

121.   The complaint is barred by 'unclean hands';

122.   the plaintiff filed an Assignment of Mortgage knowing it was fraudulent and

that the Trust listed does not exist therefore demonstrating evil motives and malice.

123.   plaintiff has filed 3 prior foreclosure, all dismissed for cause and this foreclosure

complaint demonstrates intrinsic and extrinsic fraud, in addition to other claims,

these actions were based on evil motives and malice.

124.    The plaintiff was advised by the court in 2009, that according to the Title Report, they were a junior not senior mortgage and the plaintiff made known false representations in attempts to mislead the court and represent they were the senior mortgage while knowing they were perpetuating known false material fact based on evil motives and malice.

125.    The plaintiff and its agents created known false documents to mislead the court out of evil motives and malice.

126.    The plaintiff filed this foreclosure knowing it was false, never served it on the defendant, never issued a NOI to foreclose, recorded known fraudulent documents, mislead the court intentionally with false representations, based on evil motives and malice.

WHEREFORE, the Defendant demands Judgment as follows :

    A)  Dismissal of the Complaint with Prejudice;

    B)  Compensatory and Punitive Damages;

    C)  And Judgment for all costs, court fees,  legal fees and consultant fees,  incurred by the Defendant to litigate this matter;

    D)  Any other relief the Court deems equitable and just.


## ADDITIONAL AFFIRMATIVE DEFENSES

127.    Defendant incorporates all previous paragraphs as if set forth in full.

128.    As and for an EIGHTH AFFIRMATIVE DEFENSE, separate and complete,  the defendant alleges that the plaintiff's complaint is procedurally flawed because the plaintiff ignored the requirement to attach all necessary documents to the Complaint according to the

Rules Governing the Courts of the State of New Jersey case law.  Without these documents, it is impossible to know if the party bringing the action is the proper party to bring this suit. Thus,  these documents are necessary documents that must be included for the complaint to be considered complete and ripe for proceeding.

WHEREFORE, the Defendant demands Judgment as follows :

      A)  Dismissal of the Complaint with Prejudice;

      B)  Compensatory and Punitive Damages;

      C)  And Judgment for all costs, court fees,  legal fees and consultant fees,  incurred by the Defendant to litigate this matter;

      D)  Any other relief the Court deems equitable and just.

<u>RESERVATION OF ADDITIONAL DEFENSES AND/OR COUNTERCLAIMS</u>

129.    The defendant hereby reserves the right to add additional defenses and/or counterclaims not currently known, that may be revealed through discovery, and that may be revealed through further specification and implementation of other sources.

WHEREFORE, the Defendant demands Judgment as follows :

      A)  Dismissal of the Complaint with Prejudice;

      B)  Compensatory and Punitive Damages;

      C)  And Judgment for all costs, court fees,  legal fees and consultant fees,  incurred by the Defendant to litigate this matter;

      D)  Any other relief the Court deems equitable and just.

## COUNTERCLAIMS

130.    Herein this document, the word 'plaintiff' is used to reference the plaintiff and its'

affiliates , agents, third parties, associates, third party defendants, parties with and without

privity known and unknown at this time.

131.    The plaintiff did not originate the claimed mortgage.

132.    All Affirmative Defenses and Counterclaims herein pray for Punitive Damages as per

Public Law 1995, ch. 142, N.J.S.A. 2A:15-5.9 et seq., the Punitive Damages Act.


COUNTERCLAIM ONE : FEDERAL TRADE COMMISSION 15 U.S.C. § 1692 ET. SEQ.
FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) AND
"BREAKING AND ENTERING"

133.    Defendant incorporates all previous paragraphs as if set forth in full.

134.    The plaintiff recorded fraudulent documents related to the defendant's real estate

property by "written document[s] relating to securities" and "false or misleading written

statement" within the meaning of N.J.S.A. 2C:21-7h and -7i.

135.    The plaintiff created a fraudulent Assignment and POA.

136.    Plaintiff collected monies and had no authority or standing to do so.

137.    Plaintiff broke into the defendant's property, broke open the front door and changed the

locks, and claimed they had standing to do so and stated they had reason to enter the

property whenever they wanted, herein Exhibit G;

138.    A police report was filed with Toms River Police, and plaintiff refused to identify the

names of the parties that criminally entered the defendant's home.

139.    Plaintiff engaged in intentional vandalism to defendant's property. Police report filed

with Toms River Police.

140.   Plaintiff has created false undefined charges and fees on the defendant's alleged account and when the defendant requested an explanation of charges there was no response or explanation by plaintiff.

141.   Plaintiff filed several false foreclosures against the defendant during which the plaintiff refused to accept any payments and the plaintiff applied excessive illegal fees to account.

142.   Plaintiff has filed applied terms and fees contrary to the note.

143.   Defendant requested the plaintiff validate the Debt referenced herein and the plaintiff has refused to forward any information.

144.   Plaintiff collected monies from the defendant and did not apply them or credit them to the loan account and defendant continued to request credit for these payments and all requests to date have been ignored by the plaintiff.

145.   Plaintiff has perpetuated harassment to the defendant through perpetual unfounded litigation done with malice and evil-minded intent.

146.   Defendant requested the debt in question herein be validated, 2016, and all communications were ignored.

147.   Defendant has made many written inquires to the plaintiff, QWRs, Qualified Written Requests, in 2015 and 2016 which have gone unanswered.

WHEREFORE, the Defendant demands Judgment as follows :

      A)   Dismissal of the Complaint with Prejudice;

      B)   Judgment in the amount of $33 Million US dollars with pre-judgment interest;

      C)   Damages described as per FDCPA and "breaking and entering";

      D)   Compensatory and Punitive damages;

      E)   Treble damages;

F) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter;

G) Any other relief the Court deems equitable and just.

## COUNTERCLAIM TWO : VIOLATION OF TRUTH IN LENDING ACT (TILA) AND THE DODD FRANK WALL STREET REFORM ACT OF 2010 AND CONSUMER PROTECTION ACT OF 2010 (DODD FRANK ACT)

148. Defendant incorporates all previous paragraphs as if set forth in full.

149. The plaintiff and its agents have violated the Truth in Lending Act (TILA) and the Dodd Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd Frank Act). Statements above are repeated in this count.

150. Plaintiff was informed several times of excessive charges, specifically November 2016 and several times after, which appeared on the defendants account and the plaintiff could not identify or define these charges and failed to correct them in any way.

151. Plaintiff was informed on or about December 2015 about several issues with defendant's account and excessive charges that were undefined and plaintiff failed to correct the matter or make any attempt to correct.

152. Plaintiff has many payments that were not credited to the account.

153. Plaintiff is in violation of TILA section 129, defendant demands all recoupment and set off fees as required by TILA.

154. The court ordered a reconciliation of the accounting prior to any foreclosure action commencing and the plaintiff disregarded the court order and refused the ordered reconciliation, case F-14212-06.

155.   Defendant has communicated with Ocwen about voluminous inaccuracies in statements, interest rate, excessive fees, and financial figures and no communications or corrections have been made heretofore.

156.   Defendant questioned Ocwen about a fee of $14,000.- that was added to the account in 2015 and Ocwen said "I have no idea what it is".

157.   Defendant has requested information, on or about September 2016, about the alleged debt they claim to by the servicer of, many questions were mailed in writing and there has been no acknowledgement of the questions and no answers.

158.   Defendant has made many written inquires to the plaintiff, QWRs, Qualified Written Requests, in 2015 and 2016 which have gone unanswered.

159.   Plaintiff is in violation of TILA section 129B(c)(1) , (2), 129C(a), there is no time limit on the use of this violation and the amount of recoupment;

160.   And as stated in the legislation, defendant has the right to bring an action against the assignee

161.   And the action includes Gross Negligence as per section 129 of TILA.

WHEREFORE, the Defendant demands Judgment in as follows :

    A) Dismissal of the Complaint with Prejudice;

    B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment interest;

    C) Damages pursuant to TILA, Dodd Frank Act and Consumer Protection Act;

    D) Punitive and compensatory damages;

    E) Treble damages;

F) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

G) Any other relief the Court deems equitable and just.

### COUNTERCLAIM THREE : VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) 12 U.SC. § 2605 ET. SEQ.

162. Defendant incorporates all previous paragraphs as if set forth in full.

163. The plaintiff engaged in many RESPA violations.

164. Defendant has made many written inquires to the plaintiff, QWRs, Qualified Written Requests, in 2015 and 2016 which have gone unanswered.

165. The amount represented as being owed is off by orders of magnitude as stated to the alleged plaintiff which was ignored many times.

166. The plaintiff collected monies and did not credit them, collected escrow monies while there was no escrow account.

WHEREFORE, the Defendant demands Judgment as follows :

A) Dismissal of the Complaint with Prejudice;

B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment interest;

C) Damages awarded pursuant to RESPA violations;

D) Compensatory and punitive damages;

E) Treble damages;

F) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter;

G) Any other relief the Court deems equitable and just.

### COUNTERCLAIM FOUR : BAD FAITH AND UNFAIR BUSINESS PRACTICES

167.    Defendant incorporates all previous paragraphs as if set forth in full.

168.    The plaintiff has filed several unwarranted foreclosures without cause and they have continued to do so.

169.    Plaintiff has created known false fraudulent documents.

170.    Plaintiff acted in bad faith and engaged in unfair business practices, creating false documents and filing foreclosure lawsuits that are intended to harass and defendant.

171.    Plaintiff broke open the front door of defendant's home, claimed they had the right to do so, and vandalized her home, took monies and did not credit her account, and filed false foreclosures while making known false statements to the court; plaintiff is acting in bad faith.

WHEREFORE, the Defendant demands Judgment in as follows :

A) Dismissal of the Complaint with Prejudice;

B) Monetary Judgment in the amount of $33 Million US dollars;

C) Compensatory and punitive damages;

D) Treble damages;

E) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

F) Any other relief the Court deems equitable and just.

## COUNTERCLAIM FIVE : WRONGFUL FORECLOSURE AND
## FRAUDULENT CONCEALMENT

172.    Defendant incorporates all previous paragraphs as if set forth in full.

173.    The plaintiff filed this foreclosure contrary to the state and federal laws.

174.    The plaintiff filed this foreclosure complaint knowing that did not have possession of the

original note at the time of filing,  pursuant to N.J.S.A.  12A:3-301.

175.    There have been 4 foreclosures filed against the defendant and the plaintiff has never

been in possession of the note.

176.    No one has ever made any statements about or provided any "personal knowledge" about

the location, custodian, or holder of the original note.

177.    The plaintiff provided a copy of a portion of the note by email on October 6, 2016, and

there was an endorsement on a allonge by Joshua Swinton, of Ocwen Loan Servicing LLC,

who has no authority to endorse a note or a copy of a note because the original does not exist.

178.    This endorsement of the allonge by Joshua Swinton is fraudulent and it was made for the

purpose of this litigation and it has no relation to any legitimate business transaction.

179.    The copy of a portion of the Note provided on Oct. 6, 2016, was signed by a "Robo-

Signer", Judy Faber of the Residential Funding Corporation, where it has been confirmed

that the signature is not valid and the Note is void.


WHEREFORE, the Defendant demands Judgment in as follows :

    A) Dismissal of the Complaint with Prejudice;

    B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment

        interest;

    C) Voiding the fraudulent documents;

    D) Punitive and compensatory damages;

E) Treble damages;

F) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

G) Any other relief the Court deems equitable and just.

## COUNTERCLAIM SIX : (FTC ACT 15 USC 45) FEDERAL TRADE COMMISSION : UNFAIR OR DECEPTIVE ACTS OR PRACTICES ; NJ DECEPTIVE PRACTICES ;

180.   Defendant incorporates all previous paragraphs as if set forth in full.

181.   The plaintiff recorded fraudulent documents related to the defendant's real estate property by "written document[s] relating to securities" and "false or misleading written statement" within the meaning of N.J.S.A. 2C:21-7h and -7i.

182.   The plaintiff created a fraudulent Assignment and fraudulent POA.

183.   Plaintiff collected monies and had no authority or standing to do so.

184.   Plaintiff broke into the defendant's property in March 2014, broke open the front door and changed the locks, and claimed they had standing to do so and stated they had reason to enter the property whenever they wanted, herein Exhibit G. A police report was filed with Toms River Police, and plaintiff refused to identify the names of the parties that criminally entered the defendant's home.

185.   Plaintiff engaged in intentional vandalism to defendant's property. Police report filed with Toms River Police.

186.   Plaintiff filed several false foreclosures against the defendant during which the plaintiff refused to accept any payments and the plaintiff applied excessive illegal fees to account.

187.   Plaintiff has filed applied terms and fees contrary to the note.

188.   Plaintiff's counsel, during foreclosure proceedings, would make known false statements
        to the court and then laugh to defendant, knowing it was a fraud upon the court.

WHEREFORE, the Defendant demands Judgment as follows :

    A)  Dismissal of the Complaint with Prejudice;

    B)  Monetary Judgment in the amount of $33 Million US dollars with pre-judgment
       interest;

    C)  Punitive and compensatory damages;

    D)  Treble damages;

    E)  And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees,
       incurred by the Defendant to litigate this matter;

    F)  Any other relief the Court deems equitable and just.

## COUNTERCLAIM SEVEN : EMOTIONAL DISTRESS
## INTENTIONALLY INFLICTED

189.   Defendant incorporates all previous paragraphs as if set forth in full.

190.   The plaintiff has engaged in intentional infliction of emotional distress on the defendant;
        as per the Supreme Court of New Jersey,  see  Buckley v. Trenton Saving Fund Soc., 111
        N.J. 355, 366-367, 544 A.2d 857, 863-864 (1988).

191.   Plaintiff filed 3 foreclosure actions in the past while knowing they had no standing to do
        so, plaintiff through constant harassment attempted to intimidate the defendant with the
        intention to defraud her of her home.

192.   Plaintiff broke open the front door of plaintiff's home and changed the locks and refused
        all communications regarding the incident, claimed to the defendant they had the right to do
        so.

193.    Plaintiff began breaking windows at the defendant's home with intention to harass and cause mental distress.

194.    The plaintiff intentionally caused unconscionable mental distress that no reasonable human could endure.

195.    The Supreme Court of New Jersey states "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. Now, liability may exist where the conduct exceeded all bounds usually tolerated by decent society, and where the actions are especially calculated to cause and do cause mental distress of a very serious kind."; this describes the plaintiff's conduct to defendant herein.

196.    The defendant was at the effect of willful actions by the plaintiff with the intention to induce wrongful dishonor therefore the Trader Rule applies and the corresponding damages are required;  see White & Summers, *supra,* § 17-4 at 670-71; Hawkland, Leary, & Alderman, *U.C.C. Series* § 4-402:06 (art. 4).

WHEREFORE, the Defendant demands Judgment in as follows :

    A) Dismissal of the Complaint with Prejudice;

    B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment interest;

    C) Monetary damages pursuant to the Trader Rule;

    D) Punitive and compensatory damages;

    E) Damages for mental distress;

    F) Treble damages;

G) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

H) Any other relief the Court deems equitable and just.

### COUNTERCLAIM EIGHT : AIDING THE COMMISSION OF A TORT : CONCERT-OF-ACTION

197. Defendant incorporates all previous paragraphs as if set forth in full.

198. The plaintiff and it's agents intentionally inflicted harm on the defendant demonstrating a 'Concert-In-Action" against the defendant.

199. The plaintiff and its agents are liable for the intentional damaging actions that were planned, organized and implemented by the plaintiff and its agents indicated herein, and as demanded by the New Jersey Supreme Court, see Shackil v. Lederle Labs., 116 N.J. 155, 163, 561 A.2d 511, 515 (1989).

200. The plaintiff and its agents et. al. are responsible for participation, aid and encouragement of the wrongful acts listed here; see Ryan v. Eli Lilly & Co., 514 F. Supp. 1004, 1015 (D.S.C. 1981). It allocates responsibility among parties who "in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or ..... lend aid or encouragement to the wrongdoers, or ratify and adopt the wrongdoer's acts done for their benefit ...." Prosser & Keeton, supra, § 46 at 323.

WHEREFORE, the Defendant demands Judgment in as follows :

A) Dismissal of the Complaint with Prejudice;

B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment interest;

C) Monetary damages pursuant to the Trader Rule;

D) Punitive and compensatory damages;

E) Damages for mental distress;

F) Treble damages;

G) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

H) Any other relief the Court deems equitable and just.

## COUNTERCLAIM NINE : CONSPIRACY TO COMMIT TORT

201.  Defendant incorporates all previous paragraphs as if set forth in full.

202.  The plaintiff and its agents et. al. have conspired together in the actions listed herein to cause damage by tortious overt acts; see Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 83, 110 A.2d 24, 31 (1954).

WHEREFORE, the Defendant demands Judgment in as follows :

A) Dismissal of the Complaint with Prejudice;

B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment interest;

C) Monetary damages pursuant to the Trader Rule;

D) Punitive and compensatory damages;

E) Damages for mental distress;

F) Treble damages;

G) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

H) Any other relief the Court deems equitable and just.

## COUNTERCLAIM TEN : MORTGAGE FRAUD

203.   Defendant incorporates all previous paragraphs as if set forth in full.

204.   The plaintiff created documents (Assignment, fraudulent allonge, Robo-Signed partial Note) with the intention to perpetuate mortgage fraud.

205.   The plaintiff forwarded a copy of a Robo-Signed Note, by Judy Faber of Residential Funding Corporation, RFC, with the intention of defrauding the defendant of real property and committing mortgage fraud; Judy Faber confirmed Robo- Signed in Deposition, U.S. District Court for the Northern District of Illinois, Eastern Division, U.S. National Association as Trustee, v. Cook, case: 1:07-cv-01544 document #: 64-13.

WHEREFORE, the Defendant demands Judgment in as follows :

A) Dismissal of the Complaint with Prejudice;

B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment interest;

C) Voiding the fraudulent documents;

D) Punitive and compensatory damages;

E) Treble damages;

F) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

G) Any other relief the Court deems equitable and just.

### COUNTERCLAIM ELEVEN : CONSUMER FRAUD ACT N.J.S.A. 56:8-1 ET SEQ ; EQUITABLE FRAUD ; COMMON LAW FRAUD ; FRAUD UPON THE COURT AND STATUTE OF FRAUDS

Pleading fraud with minute particularity:

206.    Defendant incorporates all previous paragraphs as if set forth in full.

207.    The plaintiff knowingly and intentionally filed a fraudulent 'New Jersey Assignment of Mortgage' document , herein Assignment, filed Sept. 3, 2015, with the Ocean County Clerk of New Jersey,   Land Records, book 16180,  pages 358-362, attached herein Exhibit D.

208.    This Assignment was referenced in Count 1, Paragraph 3, of the plaintiff's foreclosure Complaint filed Dec. 23, 2015 with the Superior Court of NJ located in Trenton wherein

209.    Count 1, Paragraph 3, in this Complaint references and states that based on the Assignment, the Assignee referenced is the "real party of interest", therefore

210.    the intention is to use this fraudulent Assignment to create a known false fraudulent material fact in this case and

211.    intended to have the court rely on this false fact therefore perpetuating a fraud upon the court

212.    with intent to defraud the defendant.

213.    The Assignment indicates the Assignor as "Ronnie Sanders" as a Vice President of JP Morgan Chase Bank[3] however this is a known false representation, his job title is "MB Document Operations Senior Specialist" as stated by JP Morgan.

214.    The Assignment document is fraudulently notarized by Wanda Inez Kinser, who was an employee of JP Morgan Chase at the time of the Notary, Sept. 1, 2015,  and as a result she provided no confirmation of the authority of Ronnie Sanders by the Board of Directors to have the authority as an Assignee and furthermore

215.    the Notary is on an attached page while there is sufficient space to place it under the signature, furthermore

216.    the Assignment does not meet proper Notarization Protocol. The notarization appears on a 3rd page of the Assignment and does not meet the requirements of a "Loose Certificate" by the American Notary Association, as there was enough room on the second page under the signature for the notary to be placed, thereby NOT requiring a Loose Certificate to have to be affixed to the document, furthermore

217.    the notary signature on the 3rd  page has no reference to the event on the first page, furthermore

218.    the notary took place in Louisiana which is classifies as a Civil Law Notary and the Wanda Inez Kinser , the notary being an employee of JP Morgan compromised the intention of  authentication since as an employee, part of her job function was to Notarize the document and as a result the notarization was not based on criteria followed by a Civil Law Notary.

---

[3] On April 13, 2011, JPMorgan Chase Bank, N.A. ("Chase"), pursuant to the Federal Deposit Insurance Corporation Act, 12 U.S.C. § 1818(d), executed a Stipulation and Consent Order with the Office of the Comptroller of the Currency ("OCC Order"), in which Chase stipulated to having engaged in "unsafe and unsound" banking practices relating to foreclosing on securitized mortgages.

219.   The Assignment was prepared by Adam W. Scheinbach esq., located at 2500 Johnson Avenue #8J, Bronx, New York, stated on the Assignment document, which is a residential condominium and he is personal injury lawyer[45].

220.   The Assignment states the address as "9 Flag Point Road" when the correct address is "97 Flag Point Road" demonstrating the document to be void.

221.   The Trust listed on the Assignment as the Assignee is "Residential Asset Mortgage Products Inc., Mortgage Asset-Backed Pass-Through Certificate Series 2005-RP3" which heretofore has never had any documents filed with the United States of America Securities and Exchange Commission, US SEC, herein Exhibit E, furthermore

222.   a RMBS Trust is incorporated out of the state of New York and therefore governed by New York Law which states , "Under New York Trust Law, every sale, conveyance or other act of the trust on contravention of the trust is void. EPTL §7-2.4. Therefore, the acceptance of the note and mortgage by the trustee after the date the trust closed, would be void." Further affirmed in Wells Fargo Bank, N.A. v. Erobobo, 042913 NYMISC, 2013-50675;

223.   Chase states the year 2005 in the name of the Assignee Trust which means that Trust was formed in 2005, furthermore

224.   a mortgage transferred into a RMBS Trust is transferred within 90 days of the formation of the Trust and prior to the trust being closed, furthermore

---

[4] At the time of the Notary JP Morgan Chase was involved in many legal matters involving allegations of fraudulent foreclosure and falsifying documents. The 4th District Court entered judgment against JP Morgan Chase in September 2012 stating they "created false documents purporting to give it ownership". Plaintiff was Kalicki. There have been many other case alleging same and concluding same.

[5] We allege that no one at JP Morgan would create the Assignment document because there were so many cases against JP Morgan at that time alleging documents being fraudulently executed and recorded and we speculate that is the reason an "ambulance chaser" was solicited to create the Assignment.

225.   a manager of the pool of mortgages or Trustee cannot accept a mortgage instrument that is in default, furthermore

226.   any Trustee accepting such a default instrument outside of the Laws governing Trusts, after the Trust is closed, would be committing an *ultra vires* act[6], furthermore

227.   these fraudulent material representations are intended to defraud and damage the defendant.

228.   Chase states in the Assignment, dated 2015,   that the mortgage at issue was moved into a Trust in 2015, a Trust created in 2005, 10 years later.

229.   Previously, JP Morgan Chase filed a Complaint for Foreclosure, F-14212-06[7], on Aug. 11, 2006 wherein it stated in Count 1, paragraph 4A, that Washington Mutual had Assigned the Mortgage to JP Morgan Chase; this contradicts the later fraudulent Assignment.

230.   The Assignor, Chase, references a FDIC POA document in the Assignment, herein Exhibit F, recorded in the Ocean County Clerk Land Records,  book 15883, page 589-595, Instrument 21014076145. This POA is fraudulent , whereby

231.   this POA is fraudulently manufactured by JP Morgan;  it is not "attested" by a FDIC lawyer (see exhibit C and compare, it is a FDIC POA, attested and certified by OCC); whereby

232.   page 4  of the POA has all signatures and the footer on page 4 is different than pages 1-3. Page 4 states "Effective-9/25/12 thru 9/25/14"  this page came from a different document and was attached to the other 3 pages, whereby

---

[6] This Trust does not exist according to the SEC however these points are made relative to the plaintiff's fraudulent representations.
[7] Outlined in detail in 'Common Facts' section of this document.

233.   pages 1-3 states "Effective-9/25/12 thru 9/25/16"; the 4 pages of the FDIC POA do not come from the same document and the document was fraudulently manufactured with the intention to defraud the defendant, whereby

234.   the name in the footer is "Prepared by: Donald Linker" who no longer works at the FDIC and his chronological age is approximately 90 according to the facts from the Texas Bar Association, whereby

235.   the format of endorsement described in the fraudulent FDIC POA is not the one used to endorse the Note for the mortgage of interest herein.

236.   The fraudulent POA and fraudulent filed Assignment and fraudulent referenced Assignment in 2006 and times thereafter, were created with the intention to fraudulently acquire the defendants property.

237.   A copy of a portion of the note for the mortgage in question herein was provided by the plaintiff to the defendant by email on Oct. 6, 2016, and this note has an attached allonge endorsed by Joshua Swinton of Ocwen Loan Servicing LLC; this endorsement of the allonge was made for the purpose of litigation and has no relation to any legitimate business transaction, and there is no proof of authorized agency of the signer Swinton, allonge attached herein Exhibit H.

238.   The plaintiff filed several fraudulent foreclosure lawsuits while knowing the documents referenced in the complaint were fraudulent and manufactured with the intention to defraud.

239.   The plaintiff attempted to transfer real property with a known Robo-Signed Note, (addendum of Note missing) signed by Judy Faber, admitted Robo-Signer in deposition.

240.   The plaintiff has committed Securities Fraud by fraudulently referencing a Trust that does not exist and has never been filed with the SEC.

241.   Ascertainable exorbitant amounts of money have been lost by the defendant due to the plaintiff's fraudulent actions:   time missed form working, lawyer's fees, continual harassment, plaintiff breaking and entering her home, plaintiff changing the locks on her home,  intentional induced distress, plaintiff took joy in harassing defendant and creating intentional infliction of emotional distress and physical ailments from the constant harassment,  and plaintiff perpetuated a known fraud with the intention to harm the defendant.

WHEREFORE, the Defendant demands Judgment in as follows :

    A) Dismissal of the Complaint with Prejudice;

    B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment interest;

    C) Voiding all fraudulent documents;

    D) Punitive and compensatory damages;

    E) Damages for mental duress;

    F) Treble damages;

    G) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

    H) Any other relief the Court deems equitable and just.

COUNTERCLAIM  TWELVE : NJ RICO , NEW JERSEY RACKETEERING
INFLUENCED AND CORRUPT ORGANIZATION,   N.J.S.A. 2C:41-1 ET SEQ.

242.   The defendant re-alleges each allegation above as if fully set forth herein.

243.   Course of conduct and pattern of behavior, unconscionable and outrageous under any

definition imaginable and contrary to the codified law of New Jersey and the United States of

America.

244.   Plaintiff filed 4 foreclosures knowing they were all fraudulent and has demonstrated a

pattern of  consistent corrupt behavior.

245.   The plaintiff recorded fraudulent documents related to the defendant's real estate

property by "written document[s]  relating to securities" and "false or misleading written

statement" within the meaning of N.J.S.A. 2C:21-7h and -7i.

246.   The plaintiff has demonstrated a pattern of fraud;   within 10 years in 2 or more

interrelated incidences of fraud pursuant to NJ Statute.


WHEREFORE, the Defendant demands Judgment in as follows :

A) Dismissal of the Complaint with Prejudice;

B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment

interest;

C) Voiding the fraudulent documents;

D) Punitive and compensatory damages;

E) Damages for mental duress;

F) Treble damages;

    G) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

    H) Any other relief the Court deems equitable and just.

## COUNTERCLAIM THIRTEEN : INTEREST AWARDED ON DAMAGES

247.    The defendant re-alleges each allegation above as if fully set forth herein.

248.    On all damages outlined herein defendant asks for interest.

WHEREFORE, the Defendant demands Judgment in as follows :

    A) Dismissal of the Complaint with Prejudice;

    B) Monetary Judgment in the amount of $33 Million US dollars with pre-judgment interest;

    C) Voiding the fraudulent documents;

    D) Punitive and compensatory damages;

    E) Damages for mental duress;

    F) Treble damages;

    G) And Judgment for all costs, court fees, legal fees, expert costs, and consultant fees, incurred by the Defendant to litigate this matter currently and for all previously filed cases by the plaintiff that were dismissed and based on fraud;

    H) Any other relief the Court deems equitable and just.

By: ___/s/ GARETH DESANTIAGO_____
GARETH DAVID DE SANTIAGO, ESQUIRE, LLC (200011980)
Attorney for the Defendant, Counterclaimant

DATE: ___October  18, 2016 _____

DESIGNATION OF TRIAL COUNSEL
Pursuant to Rule 4:25-4, defendant hereby designates Gareth David DeSantiago, Esquire, LLC
as its trial counsel.

DEFENDANTS' R. 4:18-2 DEMAND FOR PRODUCTION OF DOCUMENTS
Pursuant to R. 4:18-2, Defendant demands Plaintiff serve upon the undersigned, within five (5)
days of the date hereof, any document or paper referred to in the Complaint.

DEMAND FOR INSURANCE INFORMAITON
Defendant demands pursuant to R. 4:10-2(b) all the declaration sheets for all insurance coverage
and the umbrella coverage in place to protect plaintiff in exposure to significant judgment,
within 15 days to the defendant's attorney.

CERTIFICATION PURSUANT TO RULE 4:5-1
I hereby certify that the within matter is not the subject of any other action pending in any
Court or pending in any arbitration proceeding and that no such action or arbitration
proceeding is contemplated.

By: ___/s/GARETH DESANTIAGO_____
GARETH DAVID DE SANTIAGO, ESQUIRE, LLC (200011980)
Attorney for the Defendant, Counterclaimant

DATE: ___October  18, 2016 _____

## VERIFICATION

I, JOANNE FABER,  hereby state that the facts above set forth in the foregoing ANSWER, COUNTERCLAIM, AFFIRMATIVE DEFENSE pleadings are true and correct to the best of my knowledge, information and belief,  and that I expect to be able to prove same at a hearing held on this matter.

___/s/JOANNE FABER_____
JOANNE FABER
Defendant – Counterclaimant


DATE: ___October 18, 2016_____