UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY N.A. FKA THE BANK OF NEW YORK TRUST COMPANY N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC. MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATE SERIES 2005-RP3,<br><br>*Plaintiff,*<br><br>v.<br><br>JOANNE FABER.,<br><br>*Defendant.* | Civil Action No:<br>17-cv-5695 (PGS)(DEA)<br><br>**MEMORANDUM**<br>**AND**<br>**ORDER** |

This matter is before the Court on Plaintiff the Bank of New York's (hereinafter, "BoNY") motion to remand the case to the Superior Court of New Jersey, Ocean County. (ECF No. 6). For the reasons expressed below, Plaintiff's motion is granted.

### BACKGROUND

This case arises from a state-law foreclosure action. On March 26, 2004 Defendant Joanne Faber executed a promissory note, secured by a mortgage, with Washington Mutual Bank, FA (hereinafter, "Washington Mutual"), wherein Washington Mutual agreed to loan Defendant $975,000. (ECF Nos. 6-3, "Promissory Note"; 6-4, "Mortgage"). Since May 1, 2006, Defendant has been in default of her mortgage obligations and on September 1, 2015, Washington Mutual assigned the mortgage to BoNY, which was recorded two days later. (ECF No. 6-5, "Assignment").

On December 23, 2015, BoNY filed its Original Complaint for Foreclosure in state court, alleging claims under New Jersey foreclosure laws. (ECF No. 6-6, "Original Complaint"). After

1

an extensive pretrial motion practice, BoNY filed its Second Amended Complaint against Defendant on August 29, 2016, asserting a fourth claim under New Jersey foreclosure law. (ECF No. 4-7). Thereafter, Defendant filed an answer and counterclaim, asserting a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (ECF No. 4-9, "Answer and Counterclaim to SAC"). On August 3, 2017, almost a year after BoNY filed its Second Amended Complaint, Defendant filed a Notice of Removal, claiming the Court has jurisdiction pursuant 28 U.S.C. § 1331, since her FDCPA counterclaim creates federal question jurisdiction. The following day, August 4, 2017, a New Jersey Superior Court judge granted summary judgment in Plaintiff's favor. (ECF No. 6-8). The sole issue before the Court is whether the present matter should be remanded to the Superior Court pursuant 28 U.S.C. § 1447(c).

## LEGAL STANDARD AND ANALYSIS

An action that has been removed to federal court can be remanded to state court, pursuant to 28 U.S.C. § 1447(c), if the removal procedure was defective. Section 1447(c) states, in relevant part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, under Section 1446(a), when a defendant seeks to remove a civil action from State court, he or she must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). According to the Third Circuit, the "party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, on a motion to

remand, the burden of demonstrating a proper basis for removal remains with the removing party. *See Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998) ("When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal.").

"Under 28 U.S.C. § 1441(a), defendants may generally remove civil actions from state court to federal court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014). "Because the plaintiff acts as 'master of the claim,' a court looks to the face of a complaint in accordance with the 'well-pleaded complaint' rule in order to determine whether the action rests upon a federal claim." *Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). As such, it is well-settled that federal jurisdiction cannot "rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). "It follows that a counterclaim -- which appears as part of a defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002).

Here, because BoNY's Complaint only asserts state law causes of action and since neither party asserts that diversity jurisdiction exists pursuant 28 U.S.C. § 1332, Defendant's removal in this matter was improper because removal cannot be based on a counterclaim. As such, BoNY's motion to remand is granted.

### ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this __3__ day of __April__, 2018,

**ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

_____
PETER G. SHERIDAN, U.S.D.J.